UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRUCE HECHT and RONALD L. SHEICK,**
**on behalf of themselves**
**and a similarly situated class,**

      Plaintiffs,

vs.

Hon.
Case No.

**AUTOMOTIVE COMPONENT CARRIER, INC.,**

      Defendant.

_____/

**CLASS ACTION COMPLAINT**

Plaintiffs and proposed Class Representatives BRUCE HECHT and RONALD L. SHEICK, by their undersigned attorneys, on behalf of themselves and all others similarly situated, bring this class action against defendant AUTOMOTIVE COMPONENT CARRIER, INC., ("ACC"), for damages, injunctive, and other relief, alleging the following:

1. This action is brought as a class action by the Plaintiff proposed Class Representatives, on behalf of themselves and a similarly situated class of retirees and surviving spouses, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Count I is brought under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and seeks damages for breach of collective bargaining agreements as well as injunctive relief. Count II is brought under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits due under an employee welfare benefit plan and to remedy a breach of fiduciary duty, as

1

well as attorneys fees and other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Count I under § 301 of the LMRA, 29 U.S.C. § 185, and has jurisdiction over Count II under § 502(a)(1)(B), § 502(a)(3), § 502(e), and § 502(f) of ERISA, 29 U.S.C. § 1132(a)(1)(B), § 1132(a)(3), § 1132(e), and § 1132(f), as well as applicable federal common law. Venue in this judicial district is proper under § 301 of the LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Plaintiff and proposed Class representative Bruce Hecht resides in Grand Blanc, Michigan. He retired from employment with ACC in August, 2008, and is covered under ACC's retiree medical benefits plan.

4. Plaintiff and proposed Class representative Ronald L. Sheick resides in Clio, Michigan. He retired from employment with ACC in July, 2009, and is covered under ACC's retiree medical benefits plan.

5. Defendant ACC is a Michigan corporation with principal offices and operations in Pontiac, Oakland County, Michigan.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs bring this class action on behalf of themselves and other similarly situated persons who are members of the proposed Plaintiff Class. The proposed Plaintiff Class is composed of: former employees of defendant Automotive Component Carrier, Inc., who were represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America and its Local 659 ("UAW") in collective bargaining, and

who retired or were retirement eligible October 1, 1996 and on or before August 1, 2009, with eligibility for retiree health insurance benefits, together with their eligible spouses and dependents, and the surviving spouses of such former employees.

7. The exact number of members of the proposed Class identified in the preceding paragraph is not presently known, but upon information and belief it exceeds one hundred. The proposed Class is sufficiently numerous that joinder of individual members in this action is

8. There are common questions of law and fact in the action that relate to and affect the rights of each member of the proposed Class; and they predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of this case.

9. The claims of the Class Representatives are typical of the claims of the proposed Class they represent, in that the claims of all members of the class, including the Class Representatives, depend upon a showing that ACC is obligated under ERISA and the LMRA to continue providing them with vested retiree health care benefits, fully paid for by ACC. There is no conflict between any Class Representative and other members of the proposed Class with respect to this action.

10. Plaintiffs are the proposed Representatives of the proposed Plaintiff Class, and are able to, and will, fairly and adequately protect the interests of the Class. The attorneys for the proposed Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

11. Defendant has acted on grounds generally applicable to the proposed Plaintiff Class, thereby making injunctive and declaratory relief appropriate with respect to the proposed Plaintiff

Class as a whole.

12. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the defendants. Further, the prosecution of separate actions by individual proposed Plaintiff Class members would create a risk of adjudications with respect to individual members of the proposed Plaintiff Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or which would substantially impair or impede their ability to protect their interests.

## COMMON FACTUAL ALLEGATIONS

13. The UAW is a labor organization as defined in §101(5) of the National Labor Relations Act, 29 U.S.C. §152(5). The UAW represented the Class Representatives and retiree members of the Class, at the time they were employees of ACC, in negotiating collective bargaining agreements.

14. UAW and ACC entered into a series of collective bargaining agreements, from 1997 through August 1, 2009, all of which included and incorporated the obligation under a collective bargaining agreement between UAW and General Motors Corporation (GM), ACC's previous owner, to provide vested lifetime retiree health care benefits to the Class Representatives and to the proposed Plaintiff Class members at no cost to the retirees and surviving spouses. Copies of pertinent provisions of the collective bargaining agreements are attached to this Complaint as Exhibits A (1996 GM-UAW), B (1997 ACC-UAW), C (1999 ACC-UAW) and D (2004 ACC-UAW).

15. In or about May 2009, ACC representatives notified UAW representatives that ACC intended to discontinue the retiree health care program mandated by collective bargaining agreement.

16. The announced change in medical benefits will cause significant and irreparable hardship for many proposed Plaintiff Class members who subsist on fixed incomes and limited means, many of whom depend on their medical insurance coverage for their health, and in some cases, for their survival.

## COUNT I

### VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

17. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth in this Count I.

18. The collective bargaining agreements between the UAW and ACC provided for vested lifetime retiree health care benefits to the Plaintiffs and proposed Plaintiff Class members, paid for in full by ACC.

19. At no time during the terms of the collective bargaining agreements did UAW agree that ACC would be relieved of its contractual obligation to pay the full cost of lifetime retiree health care benefits covering the Plaintiffs and proposed Plaintiff Class members.

20. ACC's announced intention to discontinue the retiree health care program is a breach of its contractual obligation to provide vested lifetime retiree health care benefits at no cost to the Plaintiffs and proposed Plaintiff Class members.

21. Continuation of health care benefits as agreed to by ACC is a matter of serious concern and importance to Plaintiffs and to other proposed Plaintiff Class members. Defendant's breach

of its contractual obligations as set forth in this count has caused Plaintiffs and similarly situated proposed Plaintiff Class members great mental anguish and distress.

## COUNT II

## VIOLATION OF ERISA PLA

22. Plaintiffs re-allege and incorporate by referenced all preceding paragraphs as though fully set forth in this Count II.

23. The collectively bargained obligation to provide vested lifetime retiree health care benefits at no cost to Plaintiffs and to the proposed Plaintiff Class members as described in this Complaint established an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).

24. ACC is or was at relevant times the "plan sponsor" and/or "administrator" of the above-mentioned employee welfare benefit plan, within the meaning of § 3(16)(A)-(B) of ERISA, 29 U.S.C. § 1002(16)(A)-(B).

25. Plaintiffs and proposed Plaintiff Class members are "participants" in the employee welfare benefit plan, within the meaning of § 3(7) of ERISA, 29 U.S.C. § 1002(7).

26. The terms of the employee welfare benefit plan require that ACC provide vested lifetime retiree health car benefits at no cost to Plaintiffs and proposed Plaintiff Class members.

27. ACC's announced intention to discontinue the retiree health care program is a breach of its obligations under the employee welfare benefit plan. Further, by proposing the imposition of required contributions for retiree health care benefits in violation of the employee welfare benefit plan, ACC has breached its fiduciary duty as administrator of the plan.

**RELIEF REQUESTED**

WHEREFORE, on behalf of themselves and the proposed Plaintiff Class, Plaintiffs respectfully request that this Court:

A. Issue a declaratory judgment pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 2201, declaring that defendant ACC is obligated under the LMRA and ERISA to provide vested lifetime retiree health care benefits at no cost to Plaintiffs and the proposed Plaintiff Class members as set forth in the applicable collective bargaining agreements and in the welfare benefit plan created thereby.

B. Enter a temporary restraining order, preliminary injunction and permanent injunction restraining ACC from requiring Plaintiffs and the proposed Plaintiff Class members to make contributions in order to receive retiree health care benefits, and restraining ACC defendant from otherwise altering or reducing benefits of the employee welfare benefit plan described above.

C. Order ACC to reimburse Plaintiffs and proposed Plaintiff Class members for any costs incurred as a result of the ACC's proposed alteration or alteration of the employee welfare benefit plan described above, including but not limited to and medical expenses incurred and contributions paid.

D. Order ACC to pay damages for mental distress and anguish suffered by Plaintiffs and proposed Plaintiff Class members resulting from its breach and/or threatened breach of its contractual obligation to provide health care benefits at no cost to Plaintiffs and proposed Plaintiff Class members.

E. Award the plaintiffs their attorneys' fees, punitive damages, and costs incurred in this action.

  F. Grant such further relief as may be deemed necessary and proper.

            Respectfully submitted,

            SACHS WALDMAN

            BY: <u>*s/Andrew Nickelhoff*</u>
              Andrew Nickelhoff (P37990)
              Marshall J. Widick (P53942)
            Attorneys for Plaintiffs
            1000 Farmer Street
            Detroit, MI  48226
            (313) 965-3464
            anickelhoff@sachswaldman.com

Dated:  November 12, 2009

O:\General\Nickelhoff\UAW\ACC\Complaint.wpd