IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. SHEICK, RONALD KOENIG, and
JERI ANN FULBRIGHT on behalf of themselves
and a similarly situated class,

        Plaintiffs,

  v.

AUTOMOTIVE COMPONENT CARRIER LLC,
formerly doing business as
AUTOMOTIVE COMPONENT CARRIER, INC.,

        Defendants.

AUTOMOTIVE COMPONENT CARRIER LLC,

        Third-Party Plaintiff,
  v.

INTERNATIONAL UNION,
UNITED AUTOMOBILE AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW).

        Third-Party Defendant.

Case No. 2:09-cv-14429
Hon. Nancy G. Edmunds
Magistrate Mona K. Majzoub

---

**ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

Plaintiffs and class representatives Ronald L. Sheick, Ronald Koenig, and Jeri Ann Fulbright brought this certified class action against defendant Automotive Component Carrier LLC ("ACC"), formerly doing business as Automotive Component Carrier, Inc., seeking to preserve health care and life insurance benefits for retirees, who retired from bargaining units represented by the International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW"), and for their eligible dependents, eligible spouses, and surviving spouses.

The parties entered into a Settlement Agreement to resolve this action and filed a joint motion seeking preliminary approval of that Settlement Agreement and seeking an order approving notice to the class in the form and manner proposed by the parties. (Docket 23). The Court granted that motion on August 2, 2010, preliminarily approving the Settlement Agreement, approving the class notice, setting a September 3, 2010, objection deadline, and scheduling a fairness hearing for September 16, 2010. (Docket 27).

The Court conducted the fairness hearing on September 16, 2010 and determined that appropriate notice was sent to the class pursuant to the Court's August 2, 2010 order and Fed. R. Civ. P. 23(c)(1). The Court has considered the approval motion and other submissions by the parties (Docket 34), considered the two objections filed by class members and the parties' responses, and, otherwise being fully advised, for the reasons detailed in the Court's Opinion and Order Granting Joint Motion for Approval of Class Action Settlement (Docket 36), the Court finds that the Settlement Agreement provides for a settlement that is fair, reasonable and adequate. The Court approves the settlement, and enters judgment accordingly, as set forth below.

1. The class, certified by the Court on August 2, 2010 pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and (2), consists of approximately 324 known members and is defined as:

   i. ACC/UAW-represented employees who, as of August 1, 2009, are retired from ACC or were terminated from employment with ACC under Option 4 of the Special Attrition Plan set forth in the Memorandum of Understanding between the UAW and ACC (dated May 28, 2009 as amended by addenda dated May 29 and June 2, 2009), with eligibility for Retiree Medical Benefits under the ACC Retiree Life Insurance Plan, and their eligible spouses, surviving spouses and dependents; and
   ii. surviving spouses and dependents of any ACC/UAW-represented employees who died on or prior to August 1, 2009, under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from the ACC under the ACC Retiree Medical Plan. (Docket 27).

2. The Settlement Agreement (Docket 23-2, Ex. A) is approved in its entirety pursuant to Fed. R. Civ. P. 23(e) as fair, reasonable, and adequate, and all claims of the Class, the class representatives and the UAW against defendant in this lawsuit and all of defendant's claims against third-party defendant, are fully and finally resolved in accordance with the terms of the Settlement Agreement, which is incorporated herein by reference.

3. All obligations of ACC and all provisions of the ACC Retiree Medical Plan, the Modified ACC Retiree Medical Plan, the ACC Retiree Life Insurance Plan and the Current ACC Retiree Life Insurance Plan in any way related to Retiree Medical Benefits or Retiree Life Insurance Benefits[1] for the Class (other than as specifically set forth in this Settlement Agreement), and all provisions of applicable collective bargaining agreements, contracts, letters and understandings in any way related to Retiree Medical Benefits or Retiree Life Insurance Benefits for the Class are forever and irrevocably terminated as of the New Plan Sponsor Effective Date, or are otherwise amended so as to be consistent with the Settlement Agreement and the fundamental understanding that all ACC obligations regarding Retiree Medical Benefits and Retiree Life Insurance Benefits for the Class are terminated as set forth in the Settlement Agreement.

4. On and after the New Plan Sponsor Effective Date, the New Plan and VEBA shall be administered by the VEBA Committee as set forth in the Settlement Agreement, and the initial independent members of the VEBA Committee shall be Suzanne Paranjpe, Francine Parker, Gary Petroni, and Jack Martin as indicated in the Notice filed by class counsel. (Docket 35).

---

[1] Capitalized terms used herein have the same meaning as set forth and defined in the Settlement Agreement.

5. All payments and reimbursements by ACC under the Settlement Agreement are in compliance with Section 302(c)(2) of the Labor Management Relations Act 29 U.S.C. § 186(c)(2).

6. Class Representatives' motion for attorney fees and expenses (Docket 30), made consistent with Settlement Agreement (Docket 23-2, Ex. A ¶ 13), was granted with regard to the fees and expenses sought through July 31, 2010 as detailed by a separate order. (Docket 31). Pursuant to that order (Docket 31, ¶ 13), class counsel may submit supplemental fee and expense requests for work done and expenses incurred after July 31, 2010 in connection with the settlement approval process, any further court proceedings, and the implementation of the Settlement Agreement and judgment, and the Court will address and decide any such supplemental requests at a later date.

7. This action is finally resolved, provided that, pursuant to its authority under the Federal Rules of Civil Procedure and the Settlement Agreement (Docket 23-2, Ex. A ¶ 19(B)), the Court retains exclusive jurisdiction to resolve post-judgment matters and any disputes arising out of or in connection with the enforcement, interpretation, or implementation of the Settlement Agreement and the Trust Agreement and this order and judgment.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager